IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-268 T

(Judge Thomas C. Wheeler)

JAMES H. AMOS and JANICE L. AMOS,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# ANSWER

Defendant, in answer to plaintiffs' complaint, denies each and every allegation contained therein not admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Avers that the allegations in ¶ 1 represent plaintiffs' characterization of the legal relief sought in this suit, to which no response is required.

2. Admits that before October 15, 2000, plaintiffs filed their 1999 Federal Income Tax Return on Form 1040 and claimed on the return a refund in the amount of $31,557.00 for the 1999 taxable year; and avers that the remaining timeliness allegation in ¶ 2 constitutes a conclusion of law to which no response is required.

3. Admits the allegations in ¶ 3 that the plaintiffs' 1999 Form 1040 was filed with the Internal Revenue Service, and states that its attorneys currently lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in ¶ 3.

4. Admits that plaintiffs filed their 2000 Federal Income Tax Return on Form 1040 and claimed on the return a refund in the amount of $35,500.00 for the 2000 taxable year; avers that the filing date was May 7, 2001; and avers that the remaining timeliness allegation in ¶ 4 constitutes a conclusion of law to which no response is required.

5. Admits that the plaintiffs' 2000 Form 1040 was filed with the Internal Revenue Service, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 5.

6. Admits that, by May 8, 2002, plaintiffs filed an amendment to their 1999 Federal Income Tax Return on Form 1040X, and claimed a refund in the amount of $84,123.00, and avers that the remaining timeliness allegation in ¶ 6 constitutes a conclusion of law to which no response is required.

7. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7.

8. With respect to the allegations in the first sentence of ¶ 8, admits that, by April 18, 2005, plaintiffs filed an amendment to their 2000 Federal Income Tax Return on Form 1040X and claimed a refund in the amount of $5,153.00, and avers that the remaining timeliness allegation constitutes a conclusion of law to which no response is required. With respect to the allegations in the second sentence of ¶ 8, admits that plaintiffs claimed a $5,153.00 refund on a 2000 Form 1040X; and denies the remaining allegations in the second sentence of ¶ 8.

9. Admits that plaintiffs' 2000 Form 1040X was filed with the Internal Revenue Service, and states that its attorneys currently lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in ¶ 9.

10-12. Avers that the allegations in ¶¶ 10-12 represent plaintiffs' characterization of the legal relief sought in and legal basis of this suit, to which no response is required; denies that the actions of the Internal Revenue Service were erroneous; and denies that plaintiffs are entitled to the relief requested.

13. Incorporates herein the responses set forth above in paragraphs 1 through 12.

14. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 14.

15. Admits the allegations with respect to plaintiffs' amended 1999 return, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to plaintiffs' original 1999 return and the 2000 returns in dispute.

16. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16.

17. Admits the allegations with respect to plaintiffs' amended 1999 return, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to plaintiffs' original 1999 return and the 2000 returns in dispute.

18. Admits.

19. Incorporates herein the responses set forth above in paragraphs 1 through 18.

20. Avers that the allegations in ¶ 20 represent plaintiffs' characterization of the legal relief sought in and legal basis of this suit, to which no response is required.

21. Avers that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a).

22-24. Avers that the allegations in ¶¶ 22-24 constitute conclusions of law to which no response is required.

25. Incorporates herein the responses set forth above in paragraphs 1 through 24.

26. Admits that on or before April 15, 2000, plaintiffs filed a request for an extension of time to file their Form 1040 for the 1999 taxable year; avers that the timeliness allegation in ¶ 26 constitutes a conclusion of law to which no response is required; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 26.

27. Admits that plaintiffs filed a request for an additional extension of time to file their Form 1040 for the 1999 taxable year; avers that the timeliness allegation in ¶ 27 constitutes a conclusion of law to which no response is required; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 27.

28. With respect to the allegations in the first sentence of ¶ 28, admits that, before October 15, 2000, plaintiffs filed a Form 1040 for the 1999 taxable year and claimed on the return a refund in the amount of $31,557.00 for taxes previously withheld and paid over to the Internal Revenue Service; avers that the timeliness allegation in the first sentence of ¶ 28 constitutes a conclusion of law to which no response is required; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 28. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the

second sentence of ¶ 28.

29. Admits that a refund was issued to plaintiffs from the Internal Revenue Service in the amount of $31,557.00 with respect to plaintiffs' 1999 Form 1040; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 29.

30. Admits the allegations in the first sentence of ¶ 30. Admits the allegations in the second sentence of ¶ 30 that there was an examination of plaintiffs' 2000 Federal Income Tax Return, that changes were made to the return during the examination, and that plaintiffs filed an amended return for their 1999 taxable year; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of ¶ 30.

31. With respect to the allegations in the first sentence of ¶ 31, admits that, by May 8, 2002, plaintiffs filed a Form 1040X for the 1999 taxable year seeking a refund in the amount of $84,123.00; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 31. With respect to the allegations in the second sentence of ¶ 31, admits that attorney fees were paid to defend lawsuits filed against James H. Amos in connection with his employment at Brice Foods, Inc.; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 31 that plaintiff "successfully defend[ed] himself" and that James H. Amos paid attorneys fees; and avers that the remaining allegations in the second sentence of ¶ 31 constitute conclusions of law to which no response is required. With respect to the allegations in the third sentence of ¶ 31, admits that plaintiffs

reported on Schedule A of their original 1999 Form 1040 legal expenses as miscellaneous itemized deductions; avers that the allegations in the third sentence of ¶ 31 regarding "incorrect" classification of a deduction constitute conclusions of law to which no response is required; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of ¶ 31. Admits the allegations in the fourth sentence of ¶ 31 that a copy of the 1999 Form 1040X filed by the plaintiffs is attached to their complaint as Exhibit B, and states that no response is required to the remaining allegations in the fourth sentence of ¶ 31.

32. Admits the allegations in the first sentence of ¶ 32. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 32 that a copy of the Internal Revenue Service's notice to the plaintiffs evidencing the selection of the 1999 tax return for examination is attached to their complaint as Exhibit C, and states that no response is required to the remaining allegations in the second sentence of ¶ 32.

33. Admits the allegations in the first sentence of ¶ 33, except avers that the notice was mailed on August 15, 2003. With respect to the allegations in the second sentence of ¶ 33, avers that an incomplete copy of the Internal Revenue Service's proposed disallowance notice is attached to plaintiffs' complaint as Exhibit D, and avers that no response is required to the remaining allegations in the second sentence of ¶ 33.

34. Admits the allegations in ¶ 34 that on or before September 4, 2003, plaintiffs' legal counsel appealed the Internal Revenue Service's proposed full disallowance and requested a conference with an Appeals officer; avers that the timeliness allegation constitutes a conclusion

of law to which no response is required; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 34.

35-36. Avers that the allegations in ¶¶ 35-36 constitute plaintiffs' characterizations of a legal position of the Internal Revenue Service to which no response is required.

37. Avers that the allegations in ¶ 37 constitute conclusions of law and plaintiffs' characterizations of a position of the Internal Revenue Service to which no response is required.

38. Admits the allegations in the first sentence of ¶ 38, except avers that the notice was mailed on June 17, 2004. Admits the allegations in the second sentence of ¶ 38 that a copy of the Internal Revenue Service's statutory notice of disallowance is attached to plaintiffs' complaint as Exhibit E, and avers that no response is required to the remaining allegations in the second sentence of ¶ 38.

39. Avers that the allegations regarding 26 U.S.C. § 6531 constitute a legal conclusion requiring no response, and admits the remaining allegations in ¶ 39.

40. Incorporates herein the responses set forth above in paragraphs 1 through 39.

41. Admits that on or before April 15, 2001, plaintiffs filed a request for an extension of time to file their Form 1040 for the 2000 taxable year, avers that the timeliness allegation in ¶ 41 constitutes a conclusion of law to which no response is required, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 41.

42. With respect to the allegations in the first sentence of ¶ 42, admits that plaintiffs filed a Form 1040 for the 2000 taxable year and claimed on the return a refund in the amount of $35,500.00 for taxes previously withheld and paid over to the Internal Revenue Service; avers

that the filing date was May 7, 2001; avers that the timeliness allegation in the first sentence of ¶ 42 constitutes a conclusion of law to which no response is required; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 42. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 42 that a copy of plaintiffs' filed 2000 Form 1040 is attached to their complaint as Exhibit F, and avers that no response is required to the remaining allegations in the second sentence of ¶ 42.

43. Admits the allegations in the first sentence of ¶ 43. With respect to the allegations in the second sentence of ¶ 43, states that its attorneys currently have no reason to believe that the copy of the letter attached to plaintiffs' complaint as Exhibit G is not a true and correct copy, and avers that no response is required to the remaining allegations in the second sentence of ¶ 43.

44. Avers that the allegations in ¶ 44 constitute plaintiffs' characterizations of legal positions of the Internal Revenue Service to which no response is required.

45. With respect to the allegations in the first sentence of ¶ 45, admits that the Internal Revenue Service provided to plaintiffs an examination report showing the adjustments the Internal Revenue Service made to plaintiffs' 2000 Federal Income Tax Return, and avers that the report was mailed on May 10, 2002. Admits the allegations in the second sentence of ¶ 45 that a copy of the Internal Revenue Service's May 10, 2002 examination report is attached to plaintiffs' complaint as Exhibit H; avers that Exhibit H also includes a copy of the Service's notice letter; and avers that no response is required to the remaining allegations in the second

sentence of ¶ 45.

46. Admits that plaintiffs' legal counsel appealed the Internal Revenue Service's adjustments, avers that the timeliness allegation in ¶ 46 constitutes a conclusion of law to which no response is required, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 46.

47-48. Avers that the allegations in ¶¶ 47-48 constitute plaintiffs' characterizations of legal positions of the Internal Revenue Service and conclusions of law to which no response is required.

49. Admits the allegations in the first sentence of ¶ 49, except avers that the notice was mailed on November 5, 2002. Admits the allegations in the second sentence of ¶ 49 that a copy of the Internal Revenue Service's November 5, 2002 statutory notice of deficiency is attached to plaintiffs' complaint as Exhibit I, and avers that no response is required to the remaining allegations in the second sentence of ¶ 49.

50. Admits that plaintiffs paid $39,693.76 to the Internal Revenue Service in taxes, penalties and interest for plaintiffs' 2000 taxable year; avers that the payment was credited on April 27, 2003; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 50.

51. With respect to the allegations in the first sentence of ¶ 51, admits that, by April 18, 2005, plaintiffs filed a Form 1040X seeking a refund in the amount of $5,153.00 for tax year 2000. With respect to the allegations in the second sentence of ¶ 51, admits that attorney fees were paid to defend lawsuits filed against James H. Amos in connection with his employment at Brice Foods, Inc.; states that its attorneys currently lack knowledge or information sufficient to

form a belief as to the truth of the allegations in the second sentence of ¶ 51 that plaintiff "successfully defend[ed] himself" and that James H. Amos paid attorneys fees; and avers that the remaining allegations in the second sentence of ¶ 51 constitute conclusions of law to which no response is required. With respect to the allegations in the third sentence of ¶ 51, admits that plaintiffs reported on Schedule A of their original 2000 Form 1040 legal expenses as miscellaneous itemized deductions, avers that the allegations regarding "incorrect" classification of a deduction constitute conclusions of law to which no response is required, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of ¶ 51. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of ¶ 51 that a copy of plaintiffs' filed 2000 Form 1040X is attached to their complaint as Exhibit J, and avers that no response is required to the remaining allegations in the fourth sentence of ¶ 51.

52. States that its attorneys currently lack knowledge or information sufficient for form a belief as to the truth of the allegations in ¶ 52.

53. Avers that the allegations regarding 26 U.S.C. § 6531 constitute legal conclusions requiring no response; admits that plaintiffs' suit was commenced after the expiration of six months from the date they filed their 2000 refund claim for $5,153.00 with the Internal Revenue Service; and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 53.

54. Incorporates herein the responses set forth above in paragraphs 1 through 53.

55. Avers that the allegations in ¶ 55 constitute plaintiffs' characterizations of the

nature and bases of their claims and conclusions of law to which no response is required. Denies that all of the stated grounds are contained in both of plaintiffs' Exhibits B and J.

56. Denies that the tax, penalties, and interest were erroneously or illegally assessed or collected. Avers further that the allegations in ¶ 56 constitute conclusions of law to which no response is required.

57-58. Denies the allegations in ¶¶ 57-58, and avers further that the allegations in ¶¶ 57-58 constitute conclusions of law to which no response is required.

59. Incorporates herein the responses set forth above in paragraphs 1 through 58.

60. Denies that plaintiffs are entitled to judgment in their favor; denies that there are overpayments of federal income taxes for 1999 or 2000; denies that the taxes were erroneously withheld; and denies that plaintiffs are entitled to costs, attorneys fees, or any other relief.

FIRST ADDITIONAL DEFENSE

61. This Court lacks subject matter jurisdiction, insofar as plaintiffs' complaint seeks a refund of tax (and interest) for the 2000 taxable year in the amount of $5,912.00 with respect to a claimed net operating loss carryforward from 1999, because no administrative refund claim was filed for such amount on such grounds.

WHEREFORE, the complaint should be dismissed with prejudice, with costs assessed against the plaintiffs.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY A. ABATE
Assistant Chief, Court of Federal Claims Section

s/Mary M. Abate
Of Counsel

June 23rd, 2006