IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-268 T
(Judge Thomas C. Wheeler)

JAMES H. AMOS and JANICE L. AMOS,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC App. A, Part III, ¶¶ 4 and 5, the parties hereby provide the following Joint Preliminary Status Report:

Paragraph 4:

**(a) <u>Jurisdiction</u>**:

**Plaintiff**: Plaintiffs believe that the Court has jurisdiction over all claims raised in the complaint for the 1999 and 2000 tax years. With respect to the portion of the refund due in the amount of $5,912.00 as a result of the claimed net operating loss (NOL) carryforward from 1999, plaintiffs affirmatively assert that the Court has subject matter jurisdiction because the Court has subject matter jurisdiction over the 1999 and 2000 tax returns and the claimed NOL carryforward arises automatically upon rendition of a judgment in favor of plaintiffs' on their 1999 tax return.

Furthermore as the Internal Revenue Service had made a final, non-appealable administrative decision with respect to plaintiffs' 1999 tax return before the 1040X for the 2000 tax year was filed by plaintiffs, plaintiffs were precluded by the internal revenue rules and regulations from including the NOL carryforward in their 2000 1040X. Therefore, plaintiffs had no ability to file an administrative refund claim on such grounds and should not be prevented from seeking a redress to their NOL carryforward claim in this matter.

**Defendant**: The Court lacks subject matter jurisdiction, insofar as plaintiffs' complaint seeks a refund of tax (and interest) for the 2000 taxable year in the amount of $5,912.00 with respect to a claimed net operating loss (NOL) carryforward from 1999, because no administrative refund claim was filed for such amount on such grounds. Defendant believes that the Court has jurisdiction over the remaining claims raised in the complaint for the 1999 and 2000 tax years.

**(b) Consolidation**: This case should not be consolidated with any other case.

**(c) Bifurcation of liability and damages**: The parties agree that separate trials on the questions of liability and damages are unnecessary in this case, and that all evidence necessary to resolve both questions should be presented at one trial. They ask the Court initially to determine the question of liability only, and afterwards to permit the parties a reasonable period to perform and agree upon any necessary recomputation of tax liability and interest due, so that the parties can submit a stipulation as to the amount of judgment. This will avoid devoting unnecessary attention to computations at trial.

**(d) Deferral of proceedings**: Further proceedings in this case should not be deferred.

**(e) Remand or suspension**: Not applicable, as this case is a tax refund action.

**(f) <u>Additional parties</u>**: No additional parties will be joined.

**(g) <u>Dispositive motions</u>**:

Defendant intends to file a RCFC 12(b)(1) motion on the jurisdictional issue identified above in defendant's statement in ¶ 4(a). Because that issue involves only the $5,912.00 alleged NOL carry-forward to the 2000 tax year from plaintiffs' 1999 refund claim, and because the parties anticipate that a trial on the other issues will be required, the parties propose that the schedule for the intended filing be established at the post-discovery conference contemplated by RCFC App. A, Part VI, ¶ 11. Specifically, defendant suggests that post-trial briefing be allowed and that briefing on the jurisdictional issue be incorporated in the post-trial briefs.

**(h) <u>Factual and legal issues</u>**:

The issue in a tax refund case is whether plaintiff can establish an overpayment of taxes in the years before the court. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The parties have so far identified the following subsidiary issues, with respect to plaintiffs' 1999 and 2000 taxable years:

(1) whether plaintiffs can establish they incurred legal fees in the years in suit and the amount of such fees;

(2) whether such fees, if incurred, were attributable to the performance of services by James H. Amos in a trade or business as an employee;

(3) whether such fees, if incurred and deductible, were deductible as a business expense on Schedule C; and

(4) the jurisdictional issue identified above in defendant's statement in ¶ 4(a).

Until discovery has been completed, the parties cannot tell whether the issues listed above can be narrowed by stipulation or otherwise.

**(i) <u>Settlement</u>**:

Although counsel for the parties will explore the potential for settlement, it appears at this time that settlement is unlikely. The parties do not contemplate alternative dispute resolution at this time.

**(j) <u>Trial</u>**:

The parties anticipate proceeding to trial. The parties do not request an expedited trial schedule.

**(k) <u>Electronic case management</u>:**

There are no special issues regarding electronic case management needs.

**(l) <u>Other information</u>:** At this time, the parties know of no other information of which the Court should be made aware.

Paragraph 5:

**<u>Discovery Plan</u>:**

The parties recommend discovery be simultaneous and on all issues, and propose the following schedule:

Initial Disclosures: September 26, 2006

Close of Discovery: May 21, 2007

Plaintiffs' attorney has consented to defendant's attorney's signing and filing of this Joint Preliminary Status Report on his behalf.

Respectfully submitted,


09/05/2006 s/Arthur Reed Snyder, Jr. by s/Bart D. Jeffress
Date ARTHUR REED SNYDER, JR.
SNYDER & SNYDER ATTORNEYS, LLP
5001 Spring Valley Road, Suite 240-E
Dallas, Texas 75244
(972) 702-9700
(972) 702-0449 (fax)

Attorneys for Plaintiffs

09/05/2006 s/Bart D. Jeffress
Date BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section

09/05/2006 s/Mary M. Abate
Date Of Counsel

Attorneys for Defendant